IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THERESA S. MUBANG,**

        **Petitioner,**

**v.**                                                 **Case No. 2:13cv77**
                                                          **(Judge Bailey)**

**TERRY O'BRIEN Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

The petitioner, Theresa S. Mubang, initiated this habeas action pursuant to 28 U.S.C. § 2241 on November 5, 2013. On November 25, 2013, she paid the $5 filing fee and filed her petition on this Court's approved form. On November 26, 2013, the respondent was directed to show cause why the petition should not be granted. The respondent filed a Motion to Dismiss or for Summary Judgment and Response on January 8, 2014. On January 9. 2014, a Roseboro Notice was issued. On January 31, 2014, the petitioner filed a response. Accordingly, this case, before me for a report and recommendation pursuant to LR PL P § 2, et seq., is ripe for review

### I. Factual History

In a superseding indictment dated September 27, 2004, a grand jury in the District of Maryland charged the petitioner with one count of holding a juvenile to a term of involuntary servitude and one count of harboring a juvenile alien for financial gain. On November 7, 2004, a jury convicted the petitioner of both counts of the indictment. Sometime between the verdict and sentencing, the petitioner fled the country and returned to her native Cameroon. The trial Court issued a bench warrant for her arrest. On February 28, 2005, the petitioner was sentenced *in absentia* to concurrent terms of 210 months of imprisonment on Count One and 120 months of imprisonment

on Count Two, along with three years of supervised release. The Court also ordered the petitioner to pay an assessment of $200.00 and restitution in the amount of $100,000.00 due "in full immediately." (Doc. 14-3, pp. 5-6). The petitioner was apprehended in Cameroon on May 26, 2005, and returned to the United States two days later.[1]

On June 24, 2005, the United States District Court for the Eastern District of Virginia revoked the petitioner's supervised release for her prior sentence imposed on October 5, 2001, for a violation of 18 U.S.C. § 1347, Health Care Fraud, and imposed a 6 month sentence to be served consecutively to the term of imprisonment imposed in the United States District Court for the District of Maryland. (Doc. 14-4) When the petitioner was originally sentenced in 2001 by the U.S. District Court for the Eastern District of Virginia, the court ordered her to pay a $100.00 special assessment due in full immediately, and $1,486, 919.89 in restitution due immediately. (Doc. 14-5, pp. 5-6).

The petitioner's sentences were aggregated to become a 216-month term of incarceration to be followed by three years of supervised release. The petitioner was committed to the custody of the BOP on July 27, 2005. (Doc. 14-2, p. 2). The petitioners projected release date, via Good Conduct Time release is February 18, 2021. (Doc. 14-2, p. 4).

On June 13, 2012, the petitioner signed an Inmate Financial Plan by which she agreed to pay $50.00 per month toward her court-ordered financial obligations. In signing the plan, the petitioner acknowledged that she had been provided information regarding the potential consequences of a refusal on her part to participate in the Inmate Financial Responsibility Plan ("IFRP"). Records

---

[1]To the extent that the materials supplied by the government do not contain all the facts cited herein, the undersigned obtained them from the Memorandum Opinion entered on August 9, 2011, denying petitioner's § 2255 petition filed in the District of Maryland. See 8:06-cv-01838-DKC available on PACER.

indicate that the petitioner made the required payments at least through December 12, 2013, shortly before the respondent filed his answer and motions. (Doc. 14-7, p. 3).

## II. The Petition

In her original petition, styled Motion to Modify Restitution Judgement, the petitioner asked the court to defer payments until she was transferred to a facility that had the occupational capacity to employ. In what appears to be an alternative request, the petitioner asks the court to establish a set payment plan of $25.00 per quarter. In her form petition, indicates that she is seeking modification of her restitution payments during the period of her incarceration and asks for a payment plan of $25 per quarter. The petitioner also appears to ask this court to "vacate Restitution until she completes her sentence and paid upon 60 days under supervised released [sic]. (Doc. 8, p. 8). In support of her petition, the petitioner notes that she is fifty-one years old and will be sixty-one when released. She also maintains that she is currently under chronic medical care with some limitations and restrictions. The petitioner also cites Soroka v. Daniels[2], for the proposition that the BOP does not have the authority to establish a payment schedule for prisoners. Finally, the petitioner argues that she is no longer on supervised release, and therefore, the special condition of supervision requiring her to make minimal monthly payments is no longer in effect.

## III. The Response

The respondent maintains that the petition should be dismissed for the following reasons:

---

[2]Although the petitioner provides no citation, the undersigned believes she is referring to 467 F.Supp2d 1997 (D. OR. 2006). Oregon falls within the 9th Circuit, and this decision tracks a number of cases from the 9th Cir. which take the position that ordering immediate payment and leaving it to another agency, like the BOP, to actually set the payment schedule is unlawful. However, the same is not binding precedent on this Court, and is, in fact, in direct contradiction to the position of the 4th Cir. See United States v. Caudle, 261 Fed. Appx. 501 (4th Cir. Jan. 10, 2008); Coleman v. Brooks, 133 Fed. Appx. 51 (4TH Cir. May 24, 2005).

> (1) the petitioner failed to exhaust her administrative remedies;
>
> (2) the petition should be dismissed because the BOP's IFRP does not violate the petitioner's constitutional rights; and
>
> (3) the District Court did not improperly delegate authority to the BOP in the sentencing order.

## IV. The Reply

In her reply, the petitioner indicates that there are general issues of material fact that need to be addressed, but she is without counsel and unable to do so on her own. The petitioner also notes that she has a second petition pending with this Court and asks that a decision be issued in that matter because "if her request is granted it will resolve all issues pertaining to the restitution or IFRP." (Doc. 17).[3]

## V. Standard of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); *see also Martin,* 980 F.2d at 952.

---

[3]On November 13, 2013, the petitioner filed a second habeas petition under 28 U.S.C. § 2241. In it she challenges the sentence imposed by the District of Maryland, alleging an Apprendi violation, an Ex Post Facto violation, and an unwarranted sentencing disparity. See 2:13cv78.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

B. **Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio *Corp.,* 475 U.S. 574, 587-88 1986).

## VI. Analysis

A. **Inmate Financial Responsibility Program**

The IFRP was enacted to assist an inmate "to meet his or her legitimate financial obligations"[4] and applies to "all inmates in federal facilities." 28 C.F.R. § 545.10. "The IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Johnpoll v. Thornburgh, 898 F. 2d 849, 851 (2d Cir. 1990). Further, while the petitioner's failure to comply with the IFRP can have negative consequences on the inmate, see 28 C.F.R. § 545.11(d), compelled participation in the program neither is punitive in nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation. Johnpoll, 898 F. 3d at 851. Therefore, the IFRP has been "uniformly upheld against constitutional attack." McGhee v. Clark, 166 F. 3d 884, 886 (7th Cir. 1999).

The Fourth Circuit Court of Appeals has held that "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer." United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996). In Miller, the district court had ordered Miller to "make payments toward the $3,000 fine and the fifty-dollar restitution at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." The Fourth Circuit determined that the district court had improperly delegated its authority to the BOP and vacated the portion of Miller's sentence regarding the fine and restitution. However, where the "court does not specify the term of payment or allow payments in installments, the restitution is payable immediately." United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995); see also Miller 77 F.3d at 77-78 (noting that 18 U.S.C. § 3572(d) provides that a "person sentenced to pay a fine or other monetary penalty shall make such payment immediately, unless, in the interests of justice, the court

---

[4] Fines are inmate financial obligations. 28 C.F.R. § 545.11(a)(3).

provides for payment on a date certain or in installments")

In this case, the District of Maryland specifically noted that the petitioner's special assessment of $200 and restitution in the amount of $100,000 were due in full immediately. (Doc.14-3, p. 6). Because the amount and timing of the petitioner's monetary penalties were set by the sentencing court, and not delegated to the BOP, Miller is inapplicable to the petitioner's situation. See McGhee v. Clark, 166 F.3d 884 (7th Cir. 1998). In addition, the United States District Court for the Eastern District of Virginia Ordered that her restitution in the amount of $1,486,919.89 is due and payable immediately. (Doc. 14-5, p. 6).

Inasmuch as there is a valid Order from both the District of Maryland and the Eastern District of Virginia, the petitioner has set forth no basis for this Court to find that she is not subject to the IFRP. To the extent that the petitioner believes that her prior agreement to pay $50.00 per month should be modified, her appropriate remedy is to seek modification through her unit team at USP Hazelton. In the alternative, the petitioner could withdraw from the IFRP, and "suffer the penalties" that come with being placed in the status of IFRP refusal.

### VII.  Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that the respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment  (Doc. No. 13) be **GRANTED** and the petition be **DISMISSED WITH PREJUDICE.**

Within fourteen (14) days  after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United

States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985): Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record by electronic means.

DATED: March 24, 2014.

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE